IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.<br><br>*Plaintiff,*<br>      vs.<br><br>LIDO TRANSPORT INC., and DILSHOD O. MUKHAMADIEV<br><br><br>*Defendants.* | Civil Action No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, A-One Commercial Insurance Risk Retention Group, Inc. ("A-One Commercial"), by and through its counsel, Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C., submits this Complaint pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and alleges:

## NATURE OF THE ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Specifically, A-One Commercial seeks a determination of its rights and obligations to Defendants, Lido Transport, Inc. ("Defendant Lido Transport") and Dilshod O. Mukhamadiev ("Defendant Dilshod"), pursuant to A-One Commercial's insurance policy, policy number A-ONE2018-1588, effective from December 13, 2018 to December 13, 2019, which was issued to Defendant Lido Transport, as it concerns an underlying negligence lawsuit filed against both defendants in the Superior Court of New Jersey, Law Division, Middlesex County, with docket number MID-L-1364-20.

## THE PARTIES

3. Plaintiff, A-One Commercial, is an insurance company incorporated under the laws of the state of Tennessee with a principal place of business located in Los Angeles, California. Plaintiff wrote the policy of insurance for Defendant Lido Transport, as more particularly described herein.

4. Upon information and belief, Defendant Lido Transport is a trucking corporation with a business address of 103 Des Moines CT, Tinton Falls, New Jersey, 07712, and which is organized under the laws of the state of New Jersey with a principal place of business located at 100 Overlook Ctrl, Fl. 2, Princeton, New Jersey, 08540.

5. Upon information and belief, Defendant Dilshod is an adult individual domiciled in Columbus, Ohio, residing at 105 Stornoway Dr. W., Columbus, Ohio, 43213, and who has an interest in the outcome of this litigation for Declaratory Judgment.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to 28 U.S.C. §1332, by virtue of the diversity of citizenship between the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. An actual justiciable controversy between Plaintiff and Defendants exist within the meaning of 28 U.S.C. §2201, as to whether Plaintiff has a duty to defend Defendant Lido Transport and Defendant Dilshod under Plaintiff's insurance policy, policy number A-ONE2018-1588, effective from December 13, 2018 to December 13, 2019, which was issued to Defendant Lido Transport, as it concerns an underlying negligence lawsuit filed against both defendants as more particularly described herein.

8. 28 U.S.C. §2201 authorizes this Court to enter an order declaring the rights and obligations of the parties with respect to the insurance policy that is the subject of this action.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1) and §1391(a)(2) because a substantial part of the events giving rise to the underlying incident occurred in the state of New Jersey, and Defendant Lido Transport is a New Jersey corporation.

## THE UNDERLYING ACTION: PROCEDURAL HISTORY

10. On March 2, 2020, Madeline Medina (the "Underlying Plaintiff") filed a lawsuit against Defendant Dilshod, Defendant Lido Transport, John/Jane Does 1-10, and ABC Corp. 1-10, in the Superior Court of New Jersey, Law Division, Middlesex County, with docket number MID-L-1364-20, for injuries she allegedly sustained on December 20, 2018, as a result of a motor vehicle accident wherein the Underlying Plaintiff alleges that her vehicle was struck by a tractor trailer owned by Defendant Lido Transport and driven by Defendant Dilshod. (*See* Madeline Medina's Complaint, attached hereto and marked as **Exhibit A**) (the "underlying action").

11. On April 23, 2020, there was a Return of Non-Service upon Defendant Lido Transport. (*See* Return of Non-Service, attached hereto and marked as **Exhibit B**).

12. On September 29, 2020, the Underlying Plaintiff filed an Affidavit of Service upon Defendant Dilshod. (*See* Affidavit of Service on Defendant Dilshod, attached hereto and marked as **Exhibit C**).

13. On October 1, 2020, the Underlying Plaintiff's counsel filed a sworn statement relative to the Affidavit of Service upon Defendant Lido Transport, which

attested that Defendant Lido Transport received the Underlying Plaintiff's Complaint via certified mail. (*See* Underlying Plaintiff's Counsel's Sworn Statement, attached hereto as **Exhibit D**).

14. Underlying Plaintiff's counsel attached the United States Postal Service Return Receipt to said statement, which shows the delivery date as April 21, 2020. (*See* United States Postal Service Return Receipt, attached hereto as **Exhibit E**).

15. On October 30, 2020, the Underlying Plaintiff filed a supporting Affidavit and a Request for Default against Defendant Dilshod and Defendant Lido Transport. (*See* Underlying Plaintiff's Supporting Affidavit for Default and Request for Default, attached hereto as **Exhibit F** and **Exhibit G**, respectively).

16. On November 2, 2020, Default was entered against Defendant Lido Transport and Defendant Dilshod.

17. However, this matter was dismissed without prejudice for lack of prosecution on May 7, 2021, and docketed on May 8, 2021. (*See* Judge Michael V. Cresitello, Jr.'s, Order, dated May 8, 2021, attached hereto as **Exhibit H**).

18. On February 16, 2022, the Underlying Plaintiff filed Notice of Motion to Reinstate and Enter Default. (*See* Underlying Plaintiff's Notice of Motion to Reinstate and Enter Default, attached hereto as **Exhibit I**).

19. On March 4, 2022, the Court docketed an Order reinstating the Underlying Plaintiff's Complaint and further Ordered default against Defendant Lido Transport and Defendant Dilshod. (*See* Judge J. Randall Corman's Order, dated March 4, 2022, attached hereto as **Exhibit J**).

20. Again, this matter was dismissed without prejudice for lack of prosecution on July 8, 2022, and docketed on July 9, 2022. (*See* Judge Michael V. Cresitello, Jr.'s Order, dated July 8, 2022, attached hereto as **Exhibit K**).

21. On May 10, 2023, the Underlying Plaintiff filed a second Notice of Motion to Reinstate and Enter Default. (*See* Underlying Plaintiff's Second Notice of Motion to Reinstate and Enter Default, attached hereto as **Exhibit L**).

22. On May 26, 2023, the Court docketed an Order reinstating the Underlying Plaintiff's Complaint and further Ordered default against Defendant Lido Transport and Defendant Dilshod. (*See* Judge Patrick J. Bradshaw's Order, dated May 26, 2023, attached hereto as **Exhibit M**).

23. On October 27, 2023, Leonard C. Leicht, Esq., entered his appearance on behalf of Defendant Lido Transport and Defendant Dilshod and filed a Notice of Motion to Vacate Default. (*See* Notice of Appearance and Notice of Motion to Vacate Default Judgment, attached hereto as **Exhibit N** and **Exhibit O**, respectively).

24. Thereafter, on October 31, 2023, Underlying Plaintiff's counsel and the above-mentioned Defendants' counsel executed a Consent Order Vacating Default and/or Default Judgment and Extending Time to Answer ("Consent Order"). (*See* Consent Order Vacating Default and Extending Time to Answer, attached hereto as **Exhibit P**).

25. Additionally, on October 31, 2023, the Court granted the above-mentioned Consent Order. (*See* Consent Order Granted by Court, attached hereto as **Exhibit Q**).

26. Subsequently, Defendant Lido Transport and Defendant Dilshod filed their Answer to the Underlying Plaintiff's Complaint, which was docketed on November 8,

2023. (*See* Defendant Lido Transport's and Defendant Dilshod's Answer, attached hereto as **Exhibit R**).

27. On November 16, 2023, the Court scheduled an arbitration for January 17, 2024. (*See* Court Notice of Auto Arbitration, attached hereto as **Exhibit S**).

28. On January 3, 2024, the Underlying Plaintiff's counsel filed Notice of Motion to Re-Open and Extend Discovery and an Adjournment Request seeking to adjourn the arbitration until after said Motion was heard. (*See* Notice of Motion to Re-Open and Extend Discovery and Adjournment Request, attached hereto as **Exhibit T** and **Exhibit U**).

29. However, the Court denied the Underlying Plaintiff's Adjournment Request on January 4, 2024, for failure to obtain consent from all parties.

30. On January 10, 2024, the Underlying Plaintiff's counsel re-filed the Adjournment Request, which the Court granted and adjourned the arbitration to January 31, 2024. (*See* Court's Notice, dated January 11, 2024, attached hereto as **Exhibit V**).

31. Moreover, on January 19, 2024, the Court granted the Underlying Plaintiff's counsel's Notice of Motion to Re-Open and Extend Discovery, which extended the discovery period to July 1, 2024. (*See* Court Order Extending Discovery, attached hereto as **Exhibit W**).

32. On January 23, 2024, the Court docketed notice of trial, which the Court scheduled for September 3, 2024. (*See* Court's Notice, dated January 22, 2024, attached hereto as **Exhibit X**).

33. On January 24, 2024, the Court docketed notice that the arbitration scheduled for January 31, 2024, was adjourned for incomplete discovery, and rescheduled to July 16, 2024.

### THE UNDERLYING ACTION: NEW JERSEY POLICE CRASH INVESTIGATION REPORT

34. The New Jersey Police Crash Investigation Report (the "police report") reported that a motor vehicle accident occurred on December 12, 2018 (the "incident"). (*See* New Jersey Police Crash Investigation Report, attached hereto as **Exhibit Y**).

35. The police report listed Dilshod O. Mukhamadiev ("Defendant Dilshod"), with license number UW075461 and date of birth of January 7, 1990, as the driver of the involved Freightliner tractor trailer with VIN number 1FUJA6CK94LM89724. (*Id.*).

36. The police report also listed the motor carrier as Lido Transport Inc. ("Defendant Lido Transport"). (*Id.*).

37. The police report elaborated that on the above-mentioned date, the Freightliner tractor trailer with VIN number 1FUJA6CK94LM89724 was driven by Defendant Dilshod and came into contact with the Underlying Plaintiff's vehicle thereby resulting in the Underlying Plaintiff's negligence action.

### THE UNDERLYING ACTION: THE POLICY

38. Plaintiff, A-One Commercial, issued the insurance policy, policy number A-ONE2018-1588 (the "policy"), to Defendant Lido Transport with an effective policy period of December 13, 2018, to December 13, 2019. (*See* "Common Policy Declarations," p. 1, attached hereto as **Exhibit Z**).

39. The policy was for "Commercial General Liability Coverage Part," "Commercial Automobile Liability Coverage Part," and "Motor Truck Cargo Carriers Liability Coverage Part." (*Id.*).

40. Moreover, the policy includes declarations pages for "Motor Carrier Liability Coverage Part," which listed the exact automobiles that were covered under said policy during the policy period:

| Year | Make/Model | VIN |
|---|---|---|
| 2013 | Volvo | 4V4NC9TG7DN558127 |
| 2018 | Volvo | 4V4NC9EJ7JN891190 |
| 2016 | Freightliner | 1FUJGLD54GLHE3672 |
| 2009 | Volvo | 4V4NC9TGX9N277771 |
| 2013 | Volvo | 4V4NC9EH7DN142780 |
| 2018 | Volvo | 4V4NC9EH8JN893169 |
| 2014 | Freightliner | 3AKJGLD53ESFJ1585 |

(*See* "Motor Carrier Liability Coverage Part Declarations," p. 2, attached hereto as **Exhibit aa**).

41. Thereafter, the above-mentioned 2014 Freightliner with a VIN number of 3AKJGLD53ESFJ1585 was deleted from coverage under the policy due to the Common Policy Change Endorsement, which had an effective date of August 6, 2019. (*See* Common Policy Change Endorsement, p. 1, attached hereto as **Exhibit bb**).

42. Importantly, the Common Policy Change Endorsement included a "Schedule of Covered Vehicles" to clarify all automobiles that remained covered and those that were deleted:

| Year | Make/Model | VIN | Coverage Begins | Deleted |
|---|---|---|---|---|
| 2013 | Volvo | 4V4NC9TG7DN558127 | 12/13/2018 | 4/30/2019 |
| 2018 | Volvo | 4V4NC9EJ7JN891190 | 12/13/2018 | |
| 2016 | Freightliner | 1FUJGLD54GLHE3672 | 12/13/2018 | 12/27/2018 |
| 2009 | Volvo | 4V4NC9TGX9N277771 | 12/13/2018 | 4/24/2019 |
| 2013 | Volvo | 4V4NC9EH7DN142780 | 12/13/2018 | 1/30/2019 |
| 2018 | Volvo | 4V4NC9EH8JN893169 | 12/13/2018 | 4/25/2019 |

8

| 2014 | Freightliner | 3AKJGLD53ESFJ1585 | 12/13/2018 | 1/08/2019 |
| 2017 | Volvo | 4V4NC9EH7HN977171 | 12/27/2018 | 4/24/2019 |
| 2011 | Freightliner | 1FUJGLBGXBSAX1415 | 1/18/2019 | 1/23/2019 |
| 2011 | Volvo | 4V4NC9TH7BN293389 | 1/17/2019 | 1/23/2019 |
| 2020 | Volvo | 4V4NC9EJXLN197435 | 1/23/2019 | |
| 2018 | Volvo | 4V4NC9EH8JN889462 | 1/30/2019 | |
| 2018 | Freightliner | 3AKJHHDR5JSJX4471 | 2/14/2019 | 3/20/2019 |
| 2011 | Volvo | 4V4NC9TH7BN282327 | 3/20/2019 | 7/24/2019 |
| 2018 | Volvo | 4V4NC9EHXJN893173 | 4/24/2019 | |
| 2017 | Volvo | 4V4NC9EH4HN954902 | 4/24/2019 | |
| 2017 | Volvo | 4V4NC9EH7HN977171 | 4/25/2019 | 8/02/2019 |
| 2009 | Volvo | 4V4NC9TG89N268504 | 4/30/2019 | 7/17/2019 |
| 2014 | Freightliner | 3AKJGLD53ESFJ1585 | 5/14/2019 | 8/06/2019 |
| 2014 | Volvo | 4V4NC9EH8EN163459 | 7/17/2019 | |

(*Id.*, p. 2).

43. The "Schedule of Covered Vehicles" does not list the Freightliner tractor trailer with VIN number 1FUJA6CK94LM89724 as a covered vehicle.

44. In fact, as the "Schedule of Covered Vehicles" represents, there was no point in time when the Freightliner tractor trailer with VIN number 1FUJA6CK94LM89724 was ever listed as a vehicle covered under the policy, policy number A-ONE2018-1588.

45. Thus, there was never any coverage whatsoever under the policy, policy number A-ONE2018-1588, for the Freightliner tractor trailer with VIN number 1FUJA6CK94LM89724 that was involved in the incident with Underlying Plaintiff.

46. Additionally, the policy contains a "Scheduled Driver Endorsement," which states:

> As a condition of this policy, [A-One Commercial Insurance Risk Retention Group, Inc.] **will not cover any loss** in excess of state minimum financial responsibility requirements involving any vehicle insured on the policy, or any other vehicle to which the terms of the policy are extended, or **any non-owned vehicle that is operated** or **in control of anyone who is not named on the Driver Schedule shown on this endorsement**.

9

> This endorsement applies to any loss in excess of the state minimum financial responsibility requirements that are in effect at the time the loss occurs. This endorsement will apply to all coverages.
>
> [A-One Commercial Insurance Risk Retention Group, Inc.] retain[s] the right to pursue reimbursement from the Named Insured for any damages paid out on the behalf of any driver who is not named on the Driver Schedule shown on this endorsement with respect to the Named Insured's applicable state legally required minimum financial responsibility requirements statute for Liability Coverage, Uninsured/Underinsured Motorists Coverage and Personal Injury Protection coverage of the policy.

(*See* "Scheduled Driver Endorsement," pp. 1-2, attached hereto as **Exhibit cc**) (emphasis added).

47. The "Scheduled Driver Endorsement" has an effective date of August 12, 2019. (*Id.*, p. 1).

48. Additionally important, the "Scheduled Driver Endorsement" listed all approved drivers to operate covered vehicles:

| Name | D.O.B. | State | License # | Effective Date | Termination Date |
|---|---|---|---|---|---|
| Firdavs F Fozilov | 8/29/1998 | NY | 735018133 | 12/13/2018 | |
| Islom Akramov | 4/16/1974 | NY | 811916115 | 12/13/2018 | |
| Parviz Musinovich Karimov | 5/08/1992 | FL | K651673921680 | 12/13/2018 | 1/08/2019 |
| Sanjar H Rahmonov | 6/06/1991 | NY | 326880436 | 12/13/2018 | |
| Furkt Rakhmanov | 8/11/1988 | NY | 759803879 | 12/13/2018 | |
| Rakhim Rakhimov | 4/07/1988 | NY | 881189414 | 12/13/2018 | |
| Azizjon Azizov | 6/27/1991 | NY | 227911893 | 12/13/2018 | 6/12/2019 |
| Farkhod N Sattarov | 12/30/1982 | NY | 859882893 | 1/08/2019 | 6/13/2019 |
| Madamin Tukhtamishev | 2/02/1978 | NY | 889049490 | 1/17/2019 | 6/04/2019 |
| Otabek H Karaev | 7/29/1978 | NY | 854274888 | 2/14/2019 | 3/20/2019 |
| Barot A Ubaydov | 2/11/1991 | NY | 645801137 | 3/20/2019 | 8/12/2019 |
| Muminjon Makhmudov | 3/05/1993 | NY | 767780569 | 6/04/2019 | 8/02/2019 |
| Davron Khakimov | 7/09/1990 | NY | 467138532 | 6/12/2019 | 8/06/2019 |
| Kamol Azimov | 11/03/1986 | NY | 885975108 | 6/13/2019 | |

(*Id.*).

49. The "Scheduled Driver Endorsement" does not list Defendant Dilshod O. Mukhamadiev, with license number UW075461 and date of birth of January 7, 1990.

50. Additionally, the policy contains a "Backup Driver Endorsement." (*See* "Backup Driver Endorsement," attached hereto as **Exhibit dd**).

51. The "Backup Driver Endorsement" listed the names and information of additional drivers that were approved to operate covered vehicles under the policy:

| Name | D.O.B. | State | License # | Effective Date | Termination Date |
|---|---|---|---|---|---|
| J Shakhobitdinov | 5/16/1986 | NY | 66052403 | 3/15/2019 | 4/24/2019 |
| Davlat Haydarov | 8/07/1985 | NY | 567810859 | 4/04/2019 | 8/06/2019 |
| Nursulton Khaydarov | 6/03/1993 | NY | 698901005 | 4/24/2019 | |
| Dilshod A Sharporov | 4/11/1987 | NY | 349516685 | 8/06/2019 | |
| Darot A Ubaydov | 2/11/1991 | NY | 645801137 | 8/12/2019 | |

(*Id.*).

52. The Backup Driver Endorsement does not list Defendant Dilshod O. Mukhamadiev, with license number UW075461 and date of birth of January 7, 1990.

53. Thus, the "Scheduled Driver Endorsement" and the "Backup Driver Endorsement" shows that there was no point in time when Defendant Dilshod O. Mukhamadiev, with license number UW075461 and date of birth of January 7, 1990, was ever listed as an approved driver under the policy, policy number A-ONE2018-1588.

54. To date, there has been no factual proof that establishes that Defendant Dilshod was an approved driver under the policy's "Scheduled Driver Endorsement" or "Backup Driver Endorsement."

55. Moreover, there has been no factual proof that establishes that the Freightliner tractor trailer with VIN number 1FUJA6CK94LM89724 that was involved in the incident with Underlying Plaintiff's action was a covered vehicle under the policy's "Schedule of Covered Vehicles."

56. Hence, the incident of the underlying action does not fall under the coverage provisions of the policy, policy number A-ONE2018-1588, that was issued to Defendant Lido Transport.

57. Therefore, this Plaintiff, A-One Commercial, now moves for declaratory judgment because an actual dispute exists as to whether Defendant Lido Transport is entitled to insurance coverage for the underlying action under the policy, policy number A-ONE2018-1588.

## COUNT I - DECLARATORY JUDGMENT

### Breach of Contract

58. Plaintiff, A-One Commercial Insurance Risk Retention Group, incorporates the preceding paragraphs of this Complaint as if set forth at length herein.

59. A "Motor Carrier Coverage Form" was attached to Defendant Lido's policy with the Plaintiff, policy number A-ONE2018-1588. (*See* "Motor Carrier Coverage Form," attached hereto as **Exhibit ee**).

60. The "Motor Carrier Coverage Form" determined the parties rights, duties, and coverage under the policy, policy number A-ONE2018-1588.

61. Specifically, Section V, subsection A, part 2, of the "Motor Carrier Coverage Form" described the "Duties in The Event of Accident, Claim, Suit, Loss." (*Id.* at 10).

62. The above-mentioned section states:

> We [A-One Commercial Insurance Risk Retention Group, Inc.] have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

> a. In the event of "accident", claim, "suit or "loss", you [Lido Transport, Inc.] must give us or our authorized representative prompt notice of the "accident" or "loss". Include:
>
>> (1) How, when and where the accident "accident" or "loss" occurred;
>
>> . . . .
>
> b. Additionally, you and any other involved "insured" must:
>
>> . . .
>
>> (3) Cooperate with us [A-One Commercial Insurance Risk Retention Group, Inc.] in the investigation or settlement of the claim or defense against the "suit".

63. To date, Defendant Lido Transport has failed to cooperate with Southland Claims Services, Inc. —an authorized representative of A-One Commercial Insurance Risk Retention Group, Inc.

64. As a result, Plaintiff has no duty to provide insurance coverage, through payment of costs, charges, and expenses in the defense of the underlying action to Defendant Lido Transport, or any other person or entity for the claims alleged in the underlying action.

65. For the reasons set forth above, an actual controversy exists between the Plaintiff and Defendants concerning Plaintiff's rights and obligations under the policy, policy number A-ONE2018-1588.

66. A declaratory judgment will terminate and resolve any uncertainty regarding the obligations of the Plaintiff with respect to providing insurance coverage arising out of the claims alleged in the underlying action.

WHEREFORE, Plaintiff, A-One Commercial Insurance Risk Retention Group request declaratory relief pursuant to 28 U.S.C.A. § 2201 et seq., in the form of an Order declaring:

(a) The policy, policy number A-ONE2018-1588, excludes coverage for the underlying action based on the facts established above;

(b) Plaintiff has no duty under the policy, policy number A-ONE2018-1588, to defend and/or pay defense costs, charges and expenses in connection with any claims alleged in the underlying action; and,

(c) Plaintiff is granted attorneys' fees, interest, costs of suit and such other relief as the Court deems just and appropriate.

## COUNT II - DECLARATORY JUDGMENT

67. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth at length herein.

68. Plaintiff maintains no coverage is owed for the underlying action.

69. However, if Plaintiff's request for a declaration that no coverage is owed for the underlying action is not granted, the insurance coverage under the policy, policy number A-ONE2018-1588 (the "policy"), is limited as stated below.

70. The policy does not provide coverage to Defendant Dilshod O. Mukhamadiev, with license number UW075461 and date of birth of January 7, 1990.

71. The policy does not provide coverage for any damages to the Freightliner tractor trailer with VIN number 1FUJA6CK94LM89724 that was involved in the incident with underlying action.

72. The coverage under the policy, policy number A-ONE2018-1588, is limited to alleged acts which occurred only on December 12, 2018.

73. For the reasons set forth above, an actual controversy exists between the parties concerning their respective rights and obligations under the policy, policy number A-ONE2018-1588.

74. A declaratory judgment will terminate and resolve any uncertainty regarding the obligations of the Plaintiff with respect to providing insurance coverage arising out of the claims alleged in the underlying action.

WHEREFORE, Plaintiff, A-One Commercial Insurance Risk Retention Group request declaratory relief pursuant to 28 U.S.C.A. § 2201 et seq., in the form of an Order declaring:

(a) Coverage under the policy, policy number A-ONE2018-1588, is limited to acts which occurred on December 12, 2018.

(b) The policy, policy number A-ONE2018-1588, does not provide coverage to Defendant Dilshod O. Mukhamadiev, with license number UW075461 and date of birth of January 7, 1990.

(c) The policy, policy number A-ONE2018-1588, does not provide coverage for any damages to the Freightliner tractor trailer with VIN number 1FUJA6CK94LM89724 that was involved in the incident with underlying action.

(d) Finally, Plaintiff is granted attorneys' fees, interest, costs of suit and such other relief as the Court deems just and appropriate.

Respectfully submitted,

ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.

By: /s/ Joseph M. Toddy, Esquire
Attorney for Defendant,
A-One Commercial Insurance Risk Retention Group, Inc.

Dated: June 6, 2024